**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-4586**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

    v.

STANLEY SMITH, a/k/a Styles,

                Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Huntington.  Robert C. Chambers, District Judge.  (3:10-cr-00174-1)

Submitted:  January 25, 2012          Decided:  February 28, 2012

Before WILKINSON and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Dismissed in part, affirmed in part by unpublished per curiam opinion.

Harold M. Vaught, HAROLD M. VAUGHT, ATTORNEY AT LAW, Norwalk, California, for Appellant.  Joshua Clarke Hanks, Assistant United States Attorney, Huntington, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Stanley Smith pled guilty, pursuant to a written plea agreement, to distribution of a quantity of cocaine base, in violation of 21 U.S.C. § 841(a)(1) (2006). The district court sentenced Smith to 137 months' imprisonment. Smith appeals. Counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), questioning whether Smith's sentence was improper because the district court erroneously considered a seven-year-old probation violation in calculating Smith's criminal history score and attributed to Smith an excessive drug quantity. Smith was notified of his right to file a pro se supplemental brief but has not done so. The Government moves to dismiss the appeal based on the appellate waiver provision in Smith's plea agreement. We dismiss in part and affirm in part.

We consider a defendant's waiver of his appellate rights de novo. United States v. Manigan, 592 F.3d 621, 626 (4th Cir. 2010). Where the Government seeks to enforce an appeal waiver and there is no claim the United States breached its obligations under the plea agreement, we generally will enforce the waiver as to issues within its scope, if the record establishes that the defendant's waiver was both knowing and intelligent. United States v. Blick, 408 F.3d 162, 168-69 (4th Cir. 2005). Our independent review of the record leads us to conclude that Smith voluntarily and knowingly waived his right

2

to appeal any sentence within the advisory Guidelines range established by the district court prior to any departure or variance, except for a properly preserved challenge to the district court's calculation of the applicable Guidelines range. We further conclude that the sentencing issues raised in Smith's brief fall squarely within the scope of the appellate waiver and observe that Smith has not preserved any challenges to the court's Guidelines range calculation. Accordingly, we grant the Government's motion to dismiss in part and dismiss Smith's appeal of his sentence.

Although the waiver provision in the plea agreement precludes our review of Smith's sentence, the waiver does not preclude our review of any errors in Smith's conviction that may be revealed by our review pursuant to Anders. In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore deny in part the Government's motion to dismiss and affirm Smith's conviction.

This court requires that counsel inform Smith, in writing, of the right to petition the Supreme Court of the United States for further review. If Smith requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must

state that a copy thereof was served on Smith. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED IN PART;
AFFIRMED IN PART